IN THE DISTRICT COURT OF MAJOR COUNTY
STATE OF OKLAHOMA

The Estate of ROSE BOEHS, )
by and through Renee Heflin, Marlinda Lamle, )
and Desiree Selby, Personal Representatives; and )
The Estate of PENELOPE LAMLE, )
by and through Joshua Lamle and Lexy Jobe, )
Personal Representatives; and )
The Estate of MAXINE HOUSTON, )
by and through Dal Houston, Personal )
Representative, )
                                                    Case No. CJ-2025- 30

              Plaintiffs, )

vs. )

Oklahoma Department of Human Services, and )
Oklahoma Health Care Authority, )

              Defendants. )

## SUMMONS

TO THE ABOVE-NAMED RESPONDENT: Oklahoma Department of Human Services
                                                          Jeffrey Cartmell, Director
                                                          2400 N. Lincoln Blvd.
                                                          Oklahoma City, OK  73105

You have been sued by the above-named Plaintiffs; and you are directed to file a written answer to the attached Petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff. Unless you answer the Petition within the time stated, judgment will be rendered against you, with costs of the action.

ISSUED this 25 day of July, 2025.

                                                                         **Lindsey Keck**
                                          COURT CLERK

                                          BY:   **Wilinda Harmon**



Exhibit 2 page 1

| | |
|---|---|
| Attorneys for Plaintiff Name: | [signature] Michael Craig Riffel, OBA #16373<br>Katresa J. Riffel, OBA #14645<br>Matthew C. Russell, OBA #30239<br>RIFFEL, RIFFEL & BENHAM, P.L.L.C. |
| Address: | 3517 W. Owen K. Garriott, Suite One<br>Enid, Oklahoma 73703 |
| Telephone: | (580) 234-8447 |

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS. IN CASE OF FAILURE TO APPEAR, JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION/MOTION.

Exhibit 2 page 2

IN THE DISTRICT COURT OF MAJOR COUNTY
STATE OF OKLAHOMA

**FILED**
MAJOR COUNTY, OKLAHOMA
JUL 2 5 2025

LINDSEY KECK, COURT CLERK
By /s/ Wlinda Lamm DEPUTY

| | |
|---|---|
| The Estate of ROSE BOEHS, by and through Renee Heflin, Marlinda Lamle, and Desiree Selby, Personal Representatives; and The Estate of PENELOPE LAMLE, by and through Joshua Lamle and Lexy Jobe, Personal Representatives; and The Estate of MAXINE HOUSTON, by and through Dal Houston, Personal Representative. | ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| Oklahoma Department of Human Services, and Oklahoma Health Care Authority, | ) ) ) ) |
| Defendants. | ) |

Case No. CJ-2025- 30

## PETITION

This is a civil action commenced by the Estates of Rose Boehs, Penelope Lamle, and Maxine Houston (collectively referred to as "**Plaintiffs**"), pursuant to 42 U.S.C. §§ 1983 and 1988; and 42 U.S.C. §1396a(a)(34). Plaintiffs are the respective estates of individuals who applied for Medicaid benefits with the Oklahoma Department of Human Services ("**OKDHS**") and Oklahoma Health Care Authority ("**OHCA**"). Plaintiffs have sued OKDHS and the OHCA (collectively "**Defendants**"). Plaintiffs seek monetary damages.

Defendants have failed or refused to:

(1) Act on Plaintiffs' Medicaid application with "reasonable promptness" pursuant to 42 U.S.C. § 1396a(a)(8) as defined by 42 C.F.R. § 435.912 and as interpreted by Shanks-

1

Exhibit 2 page 3

Marrs v. Lake, 2013 U.S. Dist. LEXIS 188627 (W.D. Okla. June 14, 2013) and Lewis v. N.M. Dep't of Health, 261 F.3d 970, 977 (10th Cir. 2001);

(2)  Provide Plaintiffs' Medicaid benefits with "reasonable promptness" pursuant to 42 U.S.C. § 1396a(a)(8) as defined by 42 C.F.R. § 435.930; and

(3)  Certify Plaintiffs eligible for Medicaid benefits pursuant to 42 U.S.C. § 1396p(c)(1)(I); 20 C.F.R. § 416.1201; Rose v. Brown, 14 F.4th 1129 (10th Cir. 2021); Gragert v. Lake, 541 Fed. Appx. 853 (10th Cir. 2013); Gragert v. Hendrick; 2014 U.S. Dist. LEXIS 8771 (W.D. Okla. Jan. 24, 2014); Frantz v. Lake, 2014 U.S. Dist. LEXIS 116916 (W.D. Okla. Aug. 22, 2014); Peterson v. Lake, 2014 U.S. Dist. LEXIS 89674 (W.D. Okla. June 30, 2014); Lemmons v. Lake, 2013 U.S. Dist. LEXIS 39030 (W.D. Okla. Mar. 21, 2013) (later vacated as being mute).

Defendants' failure or refusal to either act on Plaintiffs' Medicaid Application, or certify Plaintiffs eligible for Medicaid benefits and provide Plaintiff Medicaid benefits, violates Plaintiffs' federal rights which may be brought as a §1983 action. Morris v. Okla. Dep't of Human Servs., 685 F.3d 925 (10th Cir. 2012); Gragert v. Lake, 541 Fed. Appx 853 (10th Cir. 2013); Houghton ex rel. Houghton v. Reinertson, 382 F.3d 1162 (10th Cir. 2004); Lewis v. N.M. Dep't of Health, 261 F.3d 970 (10th Cir. 2001). Plaintiffs challenge Defendants' actions or inactions as stated in the remainder of this Complaint.

## PARTIES

1. **The Estate of Rose Boehs** (referred to herein as "**Boehs**"): Rose Boehs, deceased, was a resident of Major County, Oklahoma, who applied for benefits under Oklahoma's medical assistance program, pursuant to 42 U.S.C. § 1396 et seq. Upon her passing, a probate proceeding

in Major County, Oklahoma, was initiated: Case No.: PB-2025-23. Renee Heflin, Marlinda Lamle, and Desiree Boehs Selby were named Co Personal Representatives on July 9, 2025.

2. **The Estate of Penelope Lamle** (referred to herein as "**Lamle**"): Penelope Lamle, deceased, was a resident of Blaine County, Oklahoma, who applied for benefits under Oklahoma's medical assistance program, pursuant to 42 U.S.C. § 1396 et seq. Upon her passing, a probate proceeding in Blaine County, Oklahoma, was initiated: Case No.: PB-2024-20. Joshua Lamle and Lexy Jobe were named Co Personal Representatives on June 24, 2024.

3. **The Estate of Maxine Houston** (referred to herein as "**Houston**"): Maxine Houston, deceased, was a resident of Woods County, Oklahoma, who applied for benefits under Oklahoma's medical assistance program, pursuant to 42 U.S.C. § 1396 et seq. Upon her passing, a probate proceeding in Woods County, Oklahoma, was initiated: Case No.: PB-2023-41. Dal Houston was named Personal Representative on December 13, 2023.

4. Defendant Oklahoma Department of Human Services is a government entity conducting business in Major County, State of Oklahoma.

5. Defendant Oklahoma Health Care Authority is a government entity with the responsibility of promulgating Medicaid policies for the State of Oklahoma and is the designated state agency for the administration of the state Medicaid program pursuant to 63 O.S. § 5009.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the parties and venue is proper as the acts giving rise to the claims in this case between Plaintiff Boehs and the Defendants occurred in Major County, Oklahoma.

7.       Plaintiff Boehs timely initiated a 43 U.S.C. § 1983 case in the United States Federal Court for the Western District of Oklahoma on September 9, 2024. Said case was voluntarily dismissed without prejudice on April 8, 2025, due to Plaintiff Boeh's death and the Eleventh Amendment's barring retroactive monetary relief. This matter is brought timely under 12 O.S. § 100.

8.       Plaintiffs Lamle and Houston's case was timely initiated in the United States Federal Court for the Western District of Oklahoma on May 1, 2022. Said case was dismissed without prejudice by the Federal District Court on May 2, 2025, due to Plaintiffs Lamle and Houston's death and the Eleventh Amendment's barring retroactive monetary relief. This matter is brought timely under 12 O.S. § 100.

9.       Plaintiffs Lamle and Houston join Plaintiff Boehs in this action, as permitted by 12 O.S. § 2020, due to a portion of their respective claims containing questions of law or fact common to all Plaintiffs. Additionally, all Plaintiffs' claims are connected to the subject matter of the litigation.

LEGAL ALLEGATIONS

10.      Title XIX of the Social Security Act is codified at 42 U.S.C. § 1396 et seq. and governs the federal Medicaid program. It authorizes the establishment by states of medical assistance programs for individuals who meet certain eligibility requirements. These programs are jointly funded by the federal and state governments and are designed by states within the framework of options and requirements established under the Medicaid statute.

11.      Courts have held Medicaid applicants have a property interest protected by the Due Process Clause of the Fourteenth Amendment. <u>Lewis v. New Mexico v. Dep't of Health</u>, 94 F. Supp. 2d 1217, 1237 (N.M. 2000); <u>Mallette v. Arlington County Employees' Retirement System</u>

II, 91 F.3d 630, 639-40 (4th Cir. 1996); National Ass'n of Radiation Survivors v. Derwinski, 994 F.2d 583, 588 (9th Cir. 1992); Haitian Refugee Ctr., Inc. v. Nelson, 872 F.2d 1555, 1562 (11th Cir. 1989); Daniels v. Woodbury, 742 F.2d 1128, 1132 (8th Cir. 1984); Holbrook v. Pitt, 643 F.2d 1261, 1278 n.35 (7th Cir. 1981); Griffeth v. Detrich, 603 F.2d 118, 120-22 (9th Cir. 1979).

12. Courts have also recognized Medicaid applicants' rights to receive Medicaid benefits are federal rights provided Plaintiffs by 42 U.S.C. § 1396a(a)(8). Ansley v. Lake, 2016 U.S. Dist. LEXIS 30014 at *9-11 (W.D. Okla. Mar. 9, 2016); Lemmons v. Lake, 2013 U.S. Dist. LEXIS 39030, *9 (W.D. Okla. Mar. 21, 2013) (later vacated as being moot); Shanks-Marrs v. Lake, 2013 U.S. Dist. LEXIS 188627 (W.D. Okla. June 14, 2013); Clayton v. Lake, 2014 U.S. Dist. LEXIS 6875, *3 (W.D. Okla. Jan. 21, 2014); Gragert v. Hendricks, 2014 U.S. Dist. LEXIS 8771, *8 (W.D. Okla. Jan. 24, 2014); Peterson v. Lake, 2014 U.S. Dist. LEXIS 89674, *17-18 (W.D. Okla. June 30, 2014); Frantz v. Lake, 2014 U.S. Dist. LEXIS 116916, *17-18 (W.D. Okla. Aug. 22, 2014); Oklahoma Chapter of American Academy of Pediatrics (OKAAP) v. Fogarty, 366 F. Supp.2d 1050, 1108 (N.D. Okla. 2005). It also includes several cases from federal appeal courts. See Bryson v. Shumway, 308 F.3d 79 (1st Cir. 2002); Sabree ex rel. Sabree v. Richman, 367 F.3d 180 (3rd Cir. 2004); Doe v. Kidd, 501 F.3d 348 (4th Cir. 2007); Romano v. Greenstein, 721 F.3d 373 (5th Cir. 2013); Doe 1-13 v. Chiles, 136 F.3d 709 (11th Cir. 1998).

13. Courts have further held Medicaid applicants may challenge adverse Medicaid decisions through a § 1983 action. Gragert v. Lake, 541 Fed. Appx 853, 855 (10th Cir. 2013); Morris v. Okla. Dep't of Human Servs., 685 F.3d 925, 928 (10th Cir. 2012); Houghton ex rel. Houghton v. Reinertson, 382 F.3d 1162, 1164 (10th Cir. 2004); Lewis, 261 F.3d at 975-979.

5

Exhibit 2 page 7

14. Pursuant to 42 U.S.C. § 1396a(a)(8), "all individuals wishing to make application" for Medicaid benefits "shall have the opportunity to do so, and that such assistance shall be furnished with reasonable promptness to all eligible individuals."

15. Engaging in planning to receive Medicaid benefits is both legal and acceptable. Morris v. Okla. Dep't of Human Servs., 685 F.3d 925, 937 (10th Cir. 2012); Rose v. Brown, 14 F.4th 1129, 1133 (10th Cir. 2021).

16. According to 42 U.S.C. § 1396p(c)(1)(I), an individual is not penalized for a transfer of assets in exchange for a promissory note which: "(i) has a repayment term that is actuarially sound (as determined in accordance with actuarial publications of the Office of the Chief Actuary of the Social Security Administration), (ii) provides for payments to be made in equal amounts during the term of the loan, with no deferral and no balloon payments made; and (iii) prohibits the cancellation of the balance upon the death of the lender."

17. Pursuant to 20 C.F.R. § 416.1201, promissory notes which cannot be transferred and converted to cash are illiquid and not a countable resource for Medicaid purposes.

18. The use of promissory notes by Medicaid applicants to qualify for Medicaid benefits has been sanctioned by the Tenth Circuit in the cases of Rose v. Brown, 14 F.4th 1129 (10th Cir. 2021) and Gragert v. Lake, 541 Fed. Appx. 853 (10th Cir. 2013); and by the District Court for the Western District of Oklahoma in the cases of Gragert v. Hendrick, 2014 U.S. Dist. LEXIS 8771 (W.D. Okla. Jan. 24, 2014); Frantz v. Lake, 2014 U.S. Dist. LEXIS 116916 (W.D. Okla. Aug. 22, 2014); Peterson v. Lake, 2014 U.S. Dist. LEXIS 89674 (W.D. Okla. June 30, 2014); Lemmons v. Lake, 2013 U.S. Dist. LEXIS 39030 (W.D. Okla. Mar. 21, 2013) (later vacated as being mute); and Harper v. Okla. ex rel. Okla. Dep't of Human Serv's, 2011 U.S. Dist. LEXIS 157628 (W.D. Okla. Mar. 22, 2011).

19. Title 42 C.F.R. §435.912 and 42 C.F.R. §435.930 are regulations implementing the "reasonable promptness" standard contained in 42 U.S.C. § 1396a(a)(8).

20. Title 42 C.F.R. §435.912(a) provides, "Timeliness standards refer to the maximum periods of time, subject to the exceptions in paragraph (e) of this section…in which every applicant is entitled to a determination of eligibility…"

21. Title 42 C.F.R. § 435.912(b)(1) states, "…the agency must establish in its State plan timeliness and performance standards, promptly and without undue delay, for: (1) Determining eligibility for Medicaid for individuals who submit applications to the single State agency of its designee…"

22. Title 42 C.F.R. §435.912(c)(3)(ii) says, "Except as provided in paragraph (e) of this section, the determination of eligibility for any applicant…may not exceed – (ii) 45 calendar days for all other applicants."

23. Title 42 C.F.R. §435.912(e) provides, "The agency must determine eligibility within the standards except in unusual circumstances, for example – (1) When the agency cannot reach a decision because the applicant…or an examining physician delays or fails to take a required action, or (2) When there is an administrative or other emergency beyond the agency's control."

24. Title 42 C.F.R. § 435.912(g) states, "The agency must not use the time standards – (1) As a waiting period before determining eligibility; or (2) As a reason for denying eligibility (because it has not determined eligibility within the time standards)."

25. In interpreting this statute and 42 C.F.R. §435.912, the District Court for the Western District of Oklahoma stated, "Nonetheless, the statute and regulation are clear that delay [in processing a Medicaid application] should be the exception and not the rule. The court therefore concludes a rebuttable presumption of a violation of the reasonable promptness

7

Exhibit 2 page 9

requirement occurs when the agency fails to issue an eligibility decision within 45 days of the date of the application. In those instances, the burden of production and proof shifts to the agency to establish that one of the two exceptions to the 45-day limit applies." (sic) Shanks-Marrs v. Lake, 2013 U.S. Dist. LEXIS 188627, *7-8 (W.D. Okla. June 14, 2013).

26. Title 42 C.F.R. § 435.930(a) further provides, "The agency must – (a) Furnish Medicaid promptly to beneficiaries without any delay caused by the agency's administrative procedures."

## FACTUAL ALLEGATIONS

### ROSE BOEHS

27. On February 22, 2023, Rose Boehs (referred to herein as "**Ms. Boehs**") entered the Fairview Fellowship Home as she was incapable of caring for herself.

28. On October 2, 2023, Ms. Boehs transferred assets having a value of $657,323.83 to Renee Heflin, Marlinda Lamle and Desiree Selby receiving in exchange a promissory note in the amount of $750,000.00 which: (a) has an actuarially sound repayment term in accordance with actuarial publications of the Office of the Chief Actuary of the Social Security Administration, (b) provides for payments to be made in equal amounts during the term of the note without any deferrals or balloon payments, and (c) prohibits cancellation of the note upon Ms. Boehs' death; resulting in no transfer penalty under 42 U.S.C. § 1396p(c)(1)(I).

29. Ms. Boehs could not transfer or convert the promissory note to cash resulting it being illiquid and not a countable resource under 20 C.F.R. § 416.1201.

30. Ms. Boehs promissory note is identical (except for names and amounts) to the promissory notes approved in the cases of Rose v. Brown, 14 F.4th 1129 (10th Cir. 2021) and Gragert v. Lake, 541 Fed. Appx. 853 (10th Cir. 2013); and by the District Court for the Western

8

Exhibit 2 page 10

District of Oklahoma in the cases of Gragert v. Hendrick, 2014 U.S. Dist. LEXIS 8771 (W.D. Okla. Jan. 24, 2014); Frantz v. Lake, 2014 U.S. Dist. LEXIS 116916 (W.D. Okla. Aug. 22, 2014); Peterson v. Lake, 2014 U.S. Dist. LEXIS 89674 (W.D. Okla. June 30, 2014); Lemmons v. Lake, 2013 U.S. Dist. LEXIS 39030 (W.D. Okla. Mar. 21, 2013) (later vacated as being mute); and Harper v. Okla. ex rel. Okla. Dep't of Human Serv's, 2011 U.S. Dist. LEXIS 157628 (W.D. Okla. Mar. 22, 2011).

31. On October 30, 2023, Rose Boehs applied for Medicaid benefits.

32. Rose Boehs provided any and all information and documentation required in applying for Medicaid benefits and as requested by Defendants.

33. Rose Boehs died on the 24th day of February 2025.

34. On July 15, 2025, OKDHS issued a Notice of Denial denying Ms. Boehs' Medicaid Application.

35. Ms. Boehs' Medicaid application was pending for more than 624 days prior to any action by Defendants in either approving or denying her for Medicaid benefits.

36. As of the date of her application, Plaintiff met the eligibility requirements for Medicaid; and was therefore eligible to receive Medicaid benefits.

37. The Estate of Rose Boehs has been damaged due to Defendants' refusal to qualify Rose Boehs for Medicaid benefits as required by law and pay Rose Boehs' long-term care expenses.

## PENELOPE LAMLE

38. Penelope Lamle (referred to herein as "**Ms. Lamle**") entered Greenbriar Nursing Home in Enid, Oklahoma on July 1, 2020, because she was physically incapable of caring for herself.

39.     On August 3, 2021, Ms. Lamle transferred assets having a value of $354,149.99 to Jason Lamle receiving in exchange a promissory note in the amount of $357,000.00 which: (a) has an actuarially sound repayment term in accordance with actuarial publications of the Office of the Chief Actuary of the Social Security Administration, (b) provides for payments to be made in equal amounts during the term of the note without any deferrals or balloon payments, and (c) prohibits cancellation of the note upon Ms. Lamle's death; resulting in no transfer penalty under 42 U.S.C. § 1396p(c)(1)(I).

40.     Ms. Lamle could not transfer or convert the promissory note to cash resulting it being illiquid and not a countable resource under 20 C.F.R. §416.1201.

41.     Ms. Lamle's promissory note is identical (except for names and amounts) to the promissory notes approved in the cases of Rose v. Brown, 14 F.4th 1129 (10th Cir. 2021) and Gragert v. Lake, 541 Fed. Appx. 853 (10th Cir. 2013); and by the District Court for the Western District of Oklahoma in the cases of Gragert v. Hendrick, 2014 U.S. Dist. LEXIS 8771 (W.D. Okla. Jan. 24, 2014); Frantz v. Lake, 2014 U.S. Dist. LEXIS 116916 (W.D. Okla. Aug. 22, 2014); Peterson v. Lake, 2014 U.S. Dist. LEXIS 89674 (W.D. Okla. June 30, 2014); Lemmons v. Lake, 2013 U.S. Dist. LEXIS 39030 (W.D. Okla. Mar. 21, 2013) (later vacated as being mute); and Harper v. Okla. ex rel. Okla. Dep't of Human Serv's, 2011 U.S. Dist. LEXIS 157628 (W.D. Okla. Mar. 22, 2011).

42.     Ms. Lamle applied for Medicaid benefits on November 24, 2021.

43.     Ms. Lamle transferred assets in exchange for a promissory note pursuant to the explicit authority granted her in 42 U.S.C. §1396p(c)(1)(I) and the Rose, Gragert v. Lake, Gragert v. Hendrick, Frantz, Peterson, Lemmons and Harper cases.

44.     On February 2, 2022, OKDHS asked whether: (1) Plaintiff Lamle is in the business of lending money or selling property, (2) the borrower offered collateral to secure the promissory note to Plaintiff Lamle, (3) the borrower did anything with the assets after purchasing them from Plaintiff Lamle, (4) Plaintiff Lamle did anything with the promissory note received from borrower, and (5) has there been a pattern of lending and repayment between Plaintiff Lamle and the borrower.

45.     On February 11, 2022, Ms. Lamle responded to OKDHS's requests by explaining the promissory note met the requirements of 42 U.S.C. §1396p(c)(1)(I) and the questions being asked were in direct violation of the Tenth Circuit's decision in the Rose case.

46.     On March 2, 2022, OKDHS responded by threatening to deny Plaintiff Lamle's Medicaid application if she did not produce answers to the OKDHS's questions.

47.     Again, on March 2, 2022, Ms. Lamle explained to Defendant Eads that OKDHS's questions violated the requirements of 42 U.S.C. §1396p(c)(1)(I) and the Tenth Circuit's decision in the Rose case; and that OKDHS was only entitled to ask necessary or relevant questions under 42 C.F.R. §435.907(e).

48.     On April 20, 2022, OKDHS insisted Ms. Lamle would answer OKDHS's questions and again threatened to deny Ms. Lamle's Medicaid application if she failed to do so.

49.     Finally, on April 21, 2022, Ms. Lamle explained for the third time that OKDHS's questions were not necessary or relevant to the requirements of 42 U.S.C. §1396p(c)(1)(I), prohibited by the Tenth Circuit's decision in the Rose case; and therefore, not necessary or relevant under 42 C.F.R. §435.907(e).

50.     As of August 3, 2021, Penelope Lamle met the eligibility requirements for Medicaid; and therefore, is eligible to be a Medicaid beneficiary as of that date.

51.  OKDHS issued a denial on June 9, 2022, 197 days after Ms. Lamle submitted her application for Medicaid benefits.

52.  Penelope Lamle died on the 14th day of September 2022.

53.  The Estate of Penelope Lamle has been damaged due to Defendants' refusal to qualify Penelope Lamle for Medicaid benefits as required by law and pay Penelope Lamle' long-term care expenses.

### MAXINE HOUSTON

54.  Maxine Houston (referred to herein as "**Ms. Houston**") entered the Share Convalescent Center in Alva, Oklahoma on May 27, 2020, because she was physically incapable of caring for herself.

55.  On February 3, 2020, Ms. Houston transferred assets having a value of $268,196.14 to T-Spur Mineral Resources, L.L.C., receiving in exchange a promissory note in the amount of $270,000 which: (a) has an actuarially sound repayment term in accordance with actuarial publications of the Office of the Chief Actuary of the Social Security Administration, (b) provides for payments to be made in equal amounts during the term of the note without any deferrals or balloon payments, and (c) prohibits cancellation of the note upon Ms. Houston's death; resulting in no transfer penalty under 42 U.S.C. § 1396p(c)(1)(I).

56.  Ms. Houston could not transfer or convert the promissory note to cash resulting it being illiquid and not a countable resource under 20 C.F.R. §416.1201.

57.  Ms. Houston's promissory note is identical (except for names and amounts) to the promissory notes approved in the cases of <u>Rose v. Brown</u>, 14 F.4th 1129 (10th Cir. 2021) and <u>Gragert v. Lake</u>, 541 Fed. Appx. 853 (10th Cir. 2013); and by the District Court for the Western District of Oklahoma in the cases of <u>Gragert v. Hendrick</u>, 2014 U.S. Dist. LEXIS 8771 (W.D. Okla.

12

Exhibit 2 page 14

Jan. 24, 2014); Frantz v. Lake, 2014 U.S. Dist. LEXIS 116916 (W.D. Okla. Aug. 22, 2014); Peterson v. Lake, 2014 U.S. Dist. LEXIS 89674 (W.D. Okla. June 30, 2014); Lemmons v. Lake, 2013 U.S. Dist. LEXIS 39030 (W.D. Okla. Mar. 21, 2013) (later vacated as being mute); and Harper v. Okla. ex rel. Okla. Dep't of Human Serv's, 2011 U.S. Dist. LEXIS 157628 (W.D. Okla. Mar. 22, 2011).

58. Ms. Houston applied for Medicaid benefits on January 27, 2022.

59. Ms. Houston transferred assets in exchange for a promissory note pursuant to the explicit authority granted her in 42 U.S.C. §1396p(c)(1)(I) and the Rose, Gragert v. Lake, Gragert v. Hendrick, Frantz, Peterson, Lemmons and Harper cases.

60. On February 3, 2022, OKDHS asked whether: (1) Plaintiff Houston is in the business of lending money or selling property, (2) the borrower offered collateral to secure the promissory note to Plaintiff Houston, (3) the borrower did anything with the assets after purchasing them from Plaintiff Houston, (4) Plaintiff Houston did anything with the promissory note received from borrower, and (5) has there been a pattern of lending and repayment between Plaintiff Houston and the borrower.

61. As of May 27, 2020, Ms. Houston met the eligibility requirements for Medicaid; and therefore, is eligible to be a Medicaid beneficiary as of that date.

62. Ms. Houston has provided significant information to OKDHS to assist in the evaluation of their applications for Medicaid benefits.

63. Ms. Houston provided sufficient information to OKDHS for OKDHS to evaluate and approver her Medicaid Application.

64. On June 8, 2022, 132 days after Houston submitted her application, OKDHS denied her application for Medicaid.

13

Exhibit 2 page 15

65. Ms. Houston died on the 3rd day of June, 2023.

66. The Estate of Maxine Houston has been damaged due to Defendants' refusal to qualify Maxine Houston for Medicaid benefits as required by law and pay Maxine Houston's long-term care expenses.

## COUNT I
## VIOLATION OF 42 U.S.C. § 1396a(a)(8)
## AS DEFINED BY 42 C.F.R. § 435.912 and 42 C.F.R. § 435.930

67. Plaintiffs incorporate and restate each of the above paragraphs as if fully set forth herein.

68. Ms. Lamle, Ms. Houston, and Ms. Boehs were eligible to receive Medicaid benefits.

69. Defendants have refused to certify Ms. Lamle, Ms. Houston, and Ms. Boehs eligible for Medicaid benefits and provide Plaintiffs Medicaid benefits.

70. Defendants' refusal to certify Ms. Lamle, Ms. Houston, and Ms. Boehs eligible for Medicaid benefits and provide Ms. Lamle, Ms. Houston, and Ms. Boehs Medicaid has deprived Ms. Lamle, Ms. Houston, and Ms. Boehs of their federal rights to receive Medicaid benefits which they are rightfully entitled to receive pursuant to 42 U.S.C. § 1396a(a)(8) and as defined by 42 C.F.R. § 435.912 and 42 C.F.R. §435.930.

71. Defendants' refusals directly violate 42 U.S.C. § 1396a(a)(8), 42 C.F.R. § 435.912 and 42 C.F.R. §435.930.

72. Defendants have acted under color of state law when depriving Ms. Lamle, Ms. Houston, and Ms. Boehs of their federal rights.

73. As a direct and proximate result of the Defendants' violation of the Ms. Lamle, Ms. Houston, and Ms. Boehs' federal rights, Plaintiffs have sustained injuries and damages.

74.     Plaintiffs have incurred additional damages in the form of incurring attorney's fees and interest on unpaid balances for the cost of care or housing which would not have been incurred if Defendants had approved the Ms. Lamle, Ms. Houston, and Ms. Boehs for Medicaid benefits.

75.     Plaintiffs are entitled to Medicaid benefits commencing back to the later of: (a) the date of Ms. Lamle, Ms. Houston, and Ms. Boehs' eligibility for Medicaid benefits, or (ii) three months prior to the date of Ms. Lamle, Ms. Houston, and Ms. Boehs' Medicaid applications pursuant to 42 U.S.C. § 1396a(a)(34) up to the respective date of their death.

## COUNT II

76.     Plaintiffs incorporate and restate each of the above paragraphs as if fully set forth herein.

77.     42 U.S.C. § 1396a(a)(8) provides medical assistance shall be furnished with reasonable promptness to all eligible individuals.

78.     42 U.S.C. § 1396p(C)(2)(C)(i) provides an individual shall not be ineligible for medical assistance by reason of transfer of property for less than fair market value if the individual intended to dispose of the assets either at fair market value or for other valuable consideration.

79.     Ms. Lamle, Ms. Houston, and Ms. Boehs transferred assets having a value of in exchange for receiving promissory notes in which were: (a) has an actuarially sound repayment term in accordance with actuarial publications of the Office of the Chief Actuary of the Social Security Administration, (b) provides for payments to be made in equal amounts during the term of the note without any deferrals or balloon payments, and (c) prohibits cancellation of the note upon their respective death; resulting in no transfer penalty under 42 U.S.C. § 1396p(c)(1)(I).

15

Exhibit 2 page 17

80. Ms. Lamle, Ms. Houston, and Ms. Boehs could not transfer or convert the promissory notes to cash resulting it being illiquid and not a countable resource under 20 C.F.R. §416.1201.

81. Ms. Lamle, Ms. Houston, and Ms. Boehs' promissory notes are identical (except for names and amounts) to the promissory notes approved in the cases of Rose v. Brown, 14 F.4th 1129 (10th Cir. 2021) and Gragert v. Lake, 541 Fed. Appx. 853 (10th Cir. 2013); and by the District Court for the Western District of Oklahoma in the cases of Gragert v. Hendrick, 2014 U.S. Dist. LEXIS 8771 (W.D. Okla. Jan. 24, 2014); Frantz v. Lake, 2014 U.S. Dist. LEXIS 116916 (W.D. Okla. Aug. 22, 2014); Peterson v. Lake, 2014 U.S. Dist. LEXIS 89674 (W.D. Okla. June 30, 2014); Lemmons v. Lake, 2013 U.S. Dist. LEXIS 39030 (W.D. Okla. Mar. 21, 2013) (later vacated as being mute); and Harper v. Okla. ex rel. Okla. Dep't of Human Serv's, 2011 U.S. Dist. LEXIS 157628 (W.D. Okla. Mar. 22, 2011).

82. Defendants have refused to certify Ms. Lamle, Ms. Houston, and Ms. Boehs eligible for Medicaid benefits and provide Ms. Lamle, Ms. Houston, and Ms. Boehs Medicaid benefits.

83. Defendants have violated Ms. Lamle, Ms. Houston, and Ms. Boehs' federal rights by refusing to certify Ms. Lamle, Houston, and Boehs eligible for Medicaid benefits pursuant to 42 U.S.C. §1396p(c)(1)(I); 20 C.F.R. §416.1201; Rose v. Brown, 14 F.4th 1129 (10th Cir. 2021); Gragert v. Lake, 541 Fed. Appx. 853 (10th Cir. 2013); Gragert v. Hendrick; 2014 U.S. Dist. LEXIS 8771 (W.D. Okla. Jan. 24, 2014); Frantz v. Lake, 2014 U.S. Dist. LEXIS 116916 (W.D. Okla. Aug. 22, 2014); Peterson v. Lake, 2014 U.S. Dist. LEXIS 89674 (W.D. Okla. June 30, 2014); Lemmons v. Lake, 2013 U.S. Dist. LEXIS 39030 (W.D. Okla. Mar. 21, 2013) (later vacated as being mute).

84.     Defendants' refusal to certify Ms. Lamle, Ms. Houston, and Ms. Boehs eligible for Medicaid benefits and provide Ms. Lamle, Ms. Houston, and Ms. Boehs Medicaid has deprived Ms. Lamle, Ms. Houston, and Ms. Boehs of their federal rights to receive Medicaid benefits which they are rightfully entitled to receive pursuant to 42 U.S.C. § 1396a(a)(8) and as defined by 42 C.F.R. §435.912 and 42 C.F.R. §435.930.

85.     Defendants' refusals directly violate 42 U.S.C. § 1396a(a)(8), 42 C.F.R. § 435.912 and 42 C.F.R. §435.930.

86.     Defendants have acted under color of state law when depriving Ms. Lamle, Ms. Houston, and Ms. Boehs of their federal rights.

87.     As a direct and proximate result of the Defendants' violation of the Ms. Lamle, Ms. Houston, and Ms. Boehs federal rights, Plaintiffs have sustained injuries and damages.

88.     Plaintiffs have incurred additional damages in the form of incurring attorney's fees and interest on unpaid balances for the cost of care or housing which would not have been incurred if Defendants had approved Ms. Lamle, Ms. Houston, and Ms. Boehs for Medicaid benefits.

89.     Plaintiffs are entitled to Medicaid benefits commencing back to the later of: (a) the date of Ms. Lamle, Ms. Houston, and Ms. Boehs' eligibility for Medicaid benefits, or (ii) three months prior to the date of Ms. Lamle, Ms. Houston, and Ms. Boehs's respective Medicaid applications pursuant to 42 U.S.C. § 1396a(a)(34) up to the date of their death.

## CONCLUSION

WHEREFORE, premises considered, Plaintiffs request this Court enter an order finding that:

1. Defendants violated Ms. Boehs, Ms. Lamle, and Ms. Houston's rights,

17

Exhibit 2 page 19

2. Determine Ms. Boehs, Ms. Lamle, and Ms. Houston were entitled to Medicaid benefits,

3. Enter a judgment against the Defendants in favor of the Plaintiffs for the amount of Medicaid benefits Ms. Boehs, Ms. Lamle, and Ms. Houston are rightfully owed,

4. Award Plaintiffs damages, including but not limited to, interest accrued on monies owed by Plaintiffs due to Defendants refusal to certify Ms. Lamle, Ms. Houston, and Ms. Boehs eligible for Medicaid benefits, costs, and attorney's fees, and any other and further damages allowable by law, and

5. For any other relief this Court deems just and proper.

Respectfully submitted,

*/s/ Michael Craig Riffel*

Michael Craig Riffel, OBA #16373
Katresa J. Riffel, OBA #14645
Matthew C. Russell, OBA #30239
Riffel, Riffel & Benham, P.L.L.C.
3517 Owen K. Garriott, Suite One
Enid, Oklahoma 73703
Telephone: (580) 234-8447
Facsimile: (580) 234-5547
criffel@westoklaw.com
kriffel@westoklaw.com
mrussell@westoklaw.com
Attorneys for Plaintiff