# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ESTATE OF ROSE BOEHS, by and through Renee Heflin, Marlinda Lamle, and Desiree Selby, Personal Representatives; ESTATE OF PENELOPE LAMLE, by and through Joshua Lamle and Lexy Jobe, Personal Representatives; and ESTATE OF MAXINE HOUSTON, by and through Dal Houston, Personal Representative, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-25-00947-JD |
| OKLAHOMA DEPARTMENT OF HUMAN SERVICES; OKLAHOMA HEALTH CARE AUTHORITY; KAYLA BEAN, individually; LENA SCHWEITZER, individually; CYNTHIA WUNDERLE, individually; and JOHN DOES, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiffs' Motion to Revise Interlocutory Order ("Motion").

[Doc. No. 41]. The Court ordered expedited briefing in this matter. [Doc. No. 42].

Defendants Oklahoma Department of Human Services ("OKDHS") and the Oklahoma

Health Care Authority ("OHCA") filed a Response. [Doc. No. 44]. Plaintiffs filed a

Reply. [Doc. No. 45]. For the reasons outlined below, the Court denies the Motion.

## I.    <u>BACKGROUND</u>

Plaintiffs are the estates of three decedents who applied for Medicaid benefits. [*See* Doc. No. 16 ¶¶ 1–4]. Plaintiffs initiated this case against Defendants OKDHS, OHCA, Kayla Bean in her individual capacity, Lena Schweitzer in her individual capacity, and Cynthia Wunderle in her individual capacity. [*Id.* at 1].[1] The individual Defendants were OKDHS representatives assigned to determine decedents' Medicaid eligibility. [*Id.* ¶¶ 34, 46, 58]. Plaintiffs assert claims for violation of the due process clause of the Fourteenth Amendment [*id.* ¶¶ 67–98]; violations of 42 U.S.C. § 1396a(a)(8) [*id.* ¶¶ 99–121]; and violations of 42 U.S.C. § 1396r(c)(2)(A)(v) [*id.* ¶¶ 122–136]. All of Plaintiffs' claims relate to the denial of Medicaid benefits.

The individual Defendants are represented by Susan Eads, Assistant General Counsel for OKDHS. [Doc. Nos. 24, 33]. Eads also represents OKDHS. [Doc. No. 10].

Plaintiffs filed two motions to disqualify Eads as counsel for the individual Defendants. [Doc. Nos. 22, 31]. Plaintiffs requested that the Court disqualify Eads from representing the individual Defendants and strike the motions to dismiss filed on behalf of the individual Defendants by Eads. Plaintiffs argued that 74 Okla. Stat. § 20f(A) prohibits Eads from representing the individual Defendants because they failed to comply with the formalities required by the section and that § 20f(B) prohibits Eads's representation of the individual Defendants because it prohibits the Attorney General from representing "a state employee if that employee did not perform a statutorily

---

[1] The Court uses the page numbers from the CM/ECF designation at the top of the district court docket filing.

required duty and such duty is a basis of the civil action or special proceeding." [Doc. No. 22 at 4–8; Doc. No. 31 at 4–9].[2]

The Court denied Plaintiffs' motions to disqualify Eads as counsel for the individual Defendants. [Doc. No. 40]. Plaintiffs request that the Court reconsider its order, specifically based upon §§ 20f(A) and 20f(B), and does not challenge the other bases for the Court's order.

## II.    ANALYSIS

In their motions to disqualify, Plaintiffs sought to disqualify Eads from representing the individual Defendants based upon § 20f(A), which states:

> In the event an action is brought against an employee, who for the purposes of this act shall be an elected or appointed state officer or employee of any state officer, institution, agency, board or commission of any branch of state government in any civil action or special proceeding in the courts of this state, or of the United States, by reason of any act done or omitted in good faith in the course of his employment, it is the duty of the Attorney General or staff attorney of such person's agency where the agency is authorized by law to be represented in court by a member of its own permanent legal staff, when requested in writing by such employee, to appear and defend the action or proceeding in his behalf. Such written request shall be made within fifteen (15) days after service of summons on the employee and a copy of the request shall be transmitted by the employee to the head of his agency and the Attorney General.

Plaintiffs argued that the individual Defendants had not demonstrated they complied with the above formalities. [Doc. No. 22 at 7–8; Doc. No. 31 at 7–9]. The Court rejected this as grounds for disqualification, concluding that the Tenth Circuit has rejected conclusory allegations of failure to comply with § 20f(A) and that, even if the individual Defendants

---

[2] Plaintiffs raised other grounds for disqualification in their motions, but these are the two grounds re-urged in the Motion.

had failed to comply, the Tenth Circuit has rejected this as grounds for disqualification. [Doc. No. 40 at 5–6]. Plaintiffs dispute these conclusions, arguing that "[i]t is the employee's burden to prove: (1) she gave notice of the suit; (2) the Attorney General conducted his inquiry; and (3) the Attorney General determined representation was proper." [Doc. No. 41 at 3]. "It is not the plaintiff's burden to prove these facts do not exist." [*Id.*].

The Court's role is to apply the case law of the Tenth Circuit. *United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit . . . ."). In this case, the Court must examine Oklahoma and Tenth Circuit case law applying the statute at issue. Few cases exist examining the effects of a state employee's failure to comply with the requirements of § 20f(A). Accordingly, the Court must try to follow any guidance precedential or persuasive case law can provide.

Plaintiffs dispute the Court's reliance upon *Binsz v. Cody*, No. 94-6139, 1994 WL 577558, at *4 (10th Cir. Oct. 17, 1994) (unpublished), and *Hines v. Sherron*, 372 F. App'x 853, 857 (10th Cir. 2010) (unpublished). [Doc. No. 41 at 7–8]. Plaintiffs state as follows:

> Unlike the present case, in both *Binsz* and *Hines* the Attorney General, and not another attorney working outside the Attorney's General Office, represented the state employees. As such, the employees followed Section 20f(A) by giving written notice of the suits to the Attorney General. The Attorney General could not have responded to the suits without having been notified by the employees of the suits, and without having received and reviewed the plaintiff's petition and summons served on the employees. Since the Attorney General assumed representation of the employees, the Attorney General had conducted his inquiry; determined

4

representation was proper; and determined the employees did not fail [to] perform a statutorily required duty, prior to the representation as required by Section 20g(A).

[Doc. No. 41 at 7].

However, Plaintiffs, not those cited circuit decisions, supplied this reasoning. In *Binsz*, the court did not presume that the state prison official had complied with the requirements of § 20f(A) because the Oklahoma Attorney General's Office served as his counsel. *See* 1994 WL 577558, at *4. Instead, the court simply rejected the challenge to meet the statutory requirements as "conclusory and without factual support." *Id.* Similarly, the court did not presume that the defendants in *Hines* had complied with the requirements of the statute based upon the fact that the Attorney General's office was representing the defendants. *See* 372 F. App'x at 857. In that case, the plaintiff argued that "the defendants' counsel—from the attorney general's office—should not have been allowed to represent the defendants because the defendants allegedly did not request this representation within fifteen days of receiving the amended complaint." *Id.* The court did *not* discuss that a presumption exists that state defendants complied with the requirements of § 20f(A) in instances where the Attorney General's office itself provides representation.  Instead, the court discussed the requirements of the statute and stated:

> By its plain terms, however, this provision merely imposes an obligation upon state employees; it says nothing about what happens if state employees fail to comply with that obligation and, more specifically, does not indicate that the Attorney General will be barred from representing state employees if they fail to satisfy the fifteen-day deadline. In our view, it would be unreasonable to infer such a representational bar from statutory silence.

5

*Id.* Accordingly, the Court relies upon this case as persuasive regarding the interpretation of the statute, which the Court does not view as requiring disqualification of counsel when state employees fail to meet its requirements.

Plaintiffs next argue that the Court must disqualify Eads because the individual Defendants must demonstrate they complied with 74 Okla. Stat. § 20f(B), which states that "[t]he Attorney General or a designated legal officer shall not represent a state employee if that employee did not perform a statutorily required duty and such duty is a basis of the civil action or special proceeding." As outlined in the Court's order denying Plaintiffs' motions to disqualify, the Attorney General must undertake a fact-finding inquiry to determine the applicability of this exception, and in the absence of a finding of "wrongdoing" by the Attorney General, "the Attorney General's office has a general duty to provide legal representation upon a written request." [Doc. No. 40 at 4 (quoting *Adams v. Jones*, No. CIV-10-920-F, 2012 WL 1574422, at *1 (W.D. Okla. Mar. 29, 2012), *report & recommendation adopted*, No. CIV-10-920-F, 2012 WL 1564726 (W.D. Okla. May 3, 2012))]. Plaintiffs assert that the Court is wrongfully placing the burden of proof on them to establish the absence of wrongdoing, and they assert the individual Defendants must prove the Attorney General has undertaken a fact-finding inquiry. [Doc. No. 41 at 3–4].

Although Plaintiffs dispute the Court's reliance upon the cases cited in its prior order, Plaintiffs do not cite any case law relying upon 74 Okla. Stat. § 20f(B) as a basis for disqualification of counsel. In the absence of the Attorney General's office concluding that the individual Defendants failed to perform a statutory duty, the statute

6

requires the Attorney General's office to represent the individual Defendants. *See* 74

Okla. Stat. §§ 20f(A), (B). When moving to disqualify opposing counsel, the moving

party has the burden to demonstrate the grounds for disqualification. *See Wisehart v.*

*Wisehart*, 850 F. App'x 649, 652 (10th Cir. 2021) (unpublished) (reciting the standard the

magistrate judge applied in denying a renewed motion to disqualify defendants' counsel).

Here, Plaintiffs have not established grounds for disqualification, especially considering

that "courts have historically been highly cynical of motions to disqualify opposing

counsel because such motions are often dilatory or tactical devices." *Id.* (quotation

modified); *see also Miller v. Legacy Bank,* No. CIV-20-946-D, 2022 WL 20620743, at *1

(W.D. Okla. Sept. 2, 2022) ("Motions to disqualify opposing counsel are viewed with

suspicion, and the Court must guard against the possibility that disqualification is sought

to secure a tactical advantage in the proceedings.") (quotation modified). Because the

Court has no evidence that the Attorney General's office concluded that the individual

Defendants failed to perform a statutory duty that is the basis of this lawsuit, the Court

cannot justify granting the extreme remedy of disqualification of the individual

Defendants' counsel.[3]

---

[3] In Plaintiffs' Motion, the Court discovered an incorrect citation. On page 8 of the Motion, Plaintiffs include the following citation in a string citation: *Kirkland v. Okla. Dep't of Corrections*, 1994 U.S. Dist. LEXIS 1960, *13 (W.D. Okla. 1994). When the Court enters the corresponding citation, the Court finds the following case: *Wahl v. First Unum Life Ins. Co.*, No. 93-4813, 1994 U.S. Dist. LEXIS 1960 (E.D. Pa. Feb. 17, 1994). It is unclear to the Court whether Plaintiffs and their counsel used AI to generate the citation. However, for purposes of future federal court filings, the Court cautions Plaintiffs' counsel that they have an obligation to confirm the accuracy of the authority they are citing in filings before the Court. *See* Fed. R. Civ. P. 11(b)(2).

## III.   <u>CONCLUSION</u>

For the reasons outlined above, the Court DENIES Plaintiffs' Motion to Revise

Interlocutory Order. [Doc. No. 41].

IT IS SO ORDERED this 12th day of June 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE